1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   GREGORY W. KNOPP (SBN 237615)
2  GARY M. MCLAUGHLIN (SBN 217832)
   JONATHAN P. SLOWIK (SBN 287635)
3  gknopp@akingump.com
   gmclaughlin@akingump.com
4  jpslowik@akingump.com
   2029 Century Park East, Suite 2400
5  Los Angeles, CA 90067
   Telephone:   310-229-1000
6  Facsimile:   310-229-1001

7  Attorneys for Defendants
   MICHAELS STORES, INC., AARON
8  BROTHERS, INC., ARTISTREE, INC.,
   PATRICIA ARY, and JUDY WAYMIRE
9

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  RONALD KOPSTEIN,                  | Case No.

15              Plaintiff,            | **CLASS ACTION**

16       v.                          | **DEFENDANTS' NOTICE OF
                                      | REMOVAL OF ACTION
17  MICHAELS STORES, INC., a          | PURSUANT TO 28 U.S.C.
    corporation; AARON BROTHERS,      | §§ 1332(a) & (d), 1441, 1446, AND
18  INC., a corporation; ARTISTREE,   | 1453**
    INC., a corporation; PATRICIA ARY,|
19  an individual; JUDY WAYMIRE, and  | [Declarations of Gary McLaughlin,
    individual; and DOES 1-100,       | Doug Marker, James O. King, and
20                                    | Chris Freeman, Notice of Interested
              Defendants.             | Parties, Notice of Related Cases,
21                                    | Request for Judicial Notice, and Civil
                                      | Cover Sheet filed concurrently]
22
                                      | Date Action Filed: July 10, 2014
23
                                      | (*Los Angeles County Superior Court,
24                                    | No. BC551245*)

25

26

27

28

---

DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Michaels Stores, Inc. ("Michaels"), Aaron Brothers, Inc. ("Aaron Brothers"), Artistree, Inc. ("Artistree"), Patricia Ary, and Judy Waymire (collectively, "Defendants") hereby remove to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331(a) & (d), 1441, 1446, and 1453. In support thereof, Defendants state as follows:

1.    On July 10, 2014, a putative class action was commenced and is currently pending against Defendants in the Superior Court of California, County of Los Angeles, as Case No. BC551245, entitled *Ronald Kopstein, Plaintiff, v. Michaels Stores, Inc, a corporation; Aaron Brothers, Inc., a corporation; Artistree, Inc., a corporation; Patricia Ary, an individual; Judy Waymire, and individual; and Does 1-100, Defendants*.  On July 11, 2014, Kopstein sent copies of the summons and complaint via certified mail to Defendants Michaels, Aaron Brothers, Aristree, and Waymire.  *See* Declaration of Gary M. McLaughlin in Support of Defendants' Notice of Removal ("McLaughlin Decl.") ¶ 2.  Attached as **Exhibits A** through **D** to the McLaughlin Declaration are true copies of the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum, received by Michaels, Aaron Brothers, Artistree, and Waymire, respectively.  *See id.* ¶ 3 & Exs. A-D.  Attached as **Exhibit E** to the McLaughlin Declaration are true copies of proofs of service of summons on Michaels, Aaron Brothers, Artistree, and Waymire, filed in Los Angeles County Superior Court on July 11, 2014.  *See id.* ¶ 4 & Ex. E.

2.    On July 11, 2014, Kopstein also sent a copy of a summons and complaint via certified mail to Defendant Ary.  *See* McLaughlin Decl. ¶ 5.  Attached as **Exhibit F** to the McLaughlin Declaration are true copies of the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum contained in that mailing.  *See id.* ¶ 5 & Ex. F.  On or about July 30, 2014, a summons and complaint were left for Ary at a Michaels store in Goleta, California, but the summons erroneously stated that Ary was

served on behalf of Michaels Stores, Inc.  *See id.* ¶ 6.  Attached as **Exhibit G** to the McLaughlin Declaration are true copies of the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum left at the Goleta store on July 30.  *See id.* ¶ 6 & Ex. G.  On August 6, 2014, another summons and complaint were left at the Goleta store which specified that Ary was being served as an individual defendant.  *See id.* ¶ 7.  Attached as **Exhibit H** to the McLaughlin Declaration are true copies of the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum left at the Goleta store on August 6.  *See id.* ¶ 7, Ex. H.

3.     There have been no further proceedings in case number BC551245, and no other pleadings have been filed and served upon Kopstein or Defendants in this action.  *See* McLaughlin Decl. ¶ 8.

4.     Plaintiff Ronald Kopstein is a former store manager and assistant store manager who worked for Michaels Stores, Inc. ("Michaels") in California.  Complaint ¶ 13.  Kopstein alleges that Michaels maintained a "fraudulent and misleading" vacation policy that capped accrued vacation without its employees' knowledge, thereby causing them to forfeit accrued vacation or forego opportunities to take paid vacation.  *Id.* ¶¶ A, 13.  Based on this theory, he asserts claims for violations of the California Labor Code provisions on vacation pay, failure to keep accurate records, failure to pay final wages, fraud and deceit, negligent misrepresentation, promissory estoppel, breach of contract or implied covenant, and unfair competition, and he seeks penalties under the Private Attorneys General Act ("PAGA").  *Id.* ¶¶ A, 24-52, 58-60.  He asserts these claims on behalf of a putative class that includes all California employees subject to the alleged vacation policy.  *Id.* ¶ 19.  He also asserts claims on an individual basis for wrongful termination in violation of public policy and for retaliation in violation of Labor Code section 1102.5.  *Id.* ¶¶ B, 53-57.

5.     Kopstein mailed the Complaint and Summons on July 11, 2014, by certified mail, to out-of-state defendants Michaels, Aaron Brothers, Artistree, and Waymire.  *See* McLaughlin Decl. ¶¶ 3 & Exs. A-D.  By state law, service on these

DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

1   defendants was therefore complete no earlier than July 21, 2014.  *See* Cal. Civ. Proc.

2   Code § 415.40 ("Service of a summons by [certified mail to an out-of-state defendant] is

3   deemed complete on the 10th day after such mailing.").  It is unclear whether Defendant

4   Ary has yet been properly served at all.  *See* McLaughlin Decl. ¶¶ 5-7; Cal Civ. Proc.

5   Code § 415.20(a) (service of summons by leaving copy at defendant's office must be

6   followed by mailing of summons by first class mail, and service is complete on 10th day

7   after mailing).  However, it is clear that the earliest possible date service on Ary could

8   have been completed is August 6, 2014.  *See* McLaughlin Decl. ¶ 7 & Ex. H.

9   Defendants' Notice of Removal is timely because it is filed within thirty (30) days of

10  each defendant's service.  *See* 28 U.S.C. § 1446(b).

DIVERSITY JURISDICTION UNDER THE

CLASS ACTION FAIRNESS ACT

13       6.       Under 28 U.S.C. § 1441(a), a defendant may remove to federal district

14  court "any civil action brought in a State court of which the district courts of the United

15  States have original jurisdiction."  Under the Class Action Fairness Act ("CAFA"), 28

16  U.S.C. § 1332(d), this Court has original jurisdiction over a class action if (1) it involves

17  100 or more putative class members, (2) any class member is a citizen of a state

18  different from any defendant, and (3) the aggregated amount in controversy exceeds

19  $5 million (exclusive of costs and interest).  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), and

20  (d)(6).  These requirements are satisfied here.

21       7.       Class Action.  CAFA applies to certain "class actions," which the statute

22  defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure

23  or similar State statute."  28 U.S.C. § 1332(d)(1)(B).  Kopstein expressly brings this

24  action "as a class representative on behalf of himself and other current and former

25  California employees," "pursuant to California Code of Civil Procedure § 382[.]"  *See*

26  Complaint ¶¶ A, 19-23.  Therefore, CAFA applies.  *See Bodner v. Oreck Direct, LLC*,

27  No. C 06-04756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies

28  where "Plaintiffs' complaint alleges that the action is a class action, and recites the

prerequisites to a class action under . . . California Code of Civil Procedure Section 382").  The fact that Kopstein has also alleged claims for wrongful termination and retaliation on an individual basis (*see* Complaint ¶¶ B, 53-57) does not affect this conclusion.  *See Moua v. IBM Corp.*, No. C 10-01070 JW, 2011 WL 7293395, at *2 & n.4 (N.D. Cal. Apr. 7, 2011) (applying CAFA and denying motion to remand where plaintiff brought "individual claims," including claims for wrongful termination, in addition to "class claims").

8.    <u>Class Size.</u>  The putative class exceeds 100 members.  *See* Complaint ¶ 23 (the class "consist[s] of hundreds of individuals"); Declaration of Doug Marker in Support of Notice of Removal of Action ("Marker Decl.") ¶¶ 11-12.[1]

9.    <u>Diversity of Citizenship.</u>  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  Minimal diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

10.    The putative class members include citizens of the State of California. Kopstein currently resides in Los Angeles County, California.  *See* Complaint ¶ 1.  On this basis alone, the Court should find that he is a California citizen.  *See Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *Adams v. Matrixx Initiatives, Inc.*, No. CV-09-1529-PHX-FJM, 2009 WL 313459, at *2 (D. Ariz. Sept. 25, 2009) (denying remand motion and finding diversity of citizenship because plaintiff pled diverse residency and produced no evidence of non-diverse citizenship).

11.    During his employment with Michaels, Kopstein also maintained a California residential address on file with Michaels and worked at a Michaels retail

---

[1]    A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

store in California, further demonstrating his California citizenship.  *See* Marker Decl. ¶ 9; *Lam Research Corp. v. Deshmukh*, 157 F. App'x 26, 27 (9th Cir. 2005) (defendant who had lived and worked for plaintiff in Washington was presumptively a Washington citizen, despite his claim that he had changed his domicile from Washington to California); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship).

12.    Further, Kopstein seeks to represent a class consisting of "all current and former employees of defendants who worked for defendants in the State of California during the class period[.]"  Complaint ¶ 19.  This putative class logically includes other California citizens as well.

13.    Michaels is not a citizen of the State of California.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Michaels has not been incorporated in California.  Rather, at the time this action was commenced, Michaels was organized and incorporated under the laws of the State of Delaware.  *See* Marker Decl. ¶ 2.  Nor is California the state in which Michaels has its principal place of business.  Rather, as shown below, Michaels principal place of business is located in the State of Texas.

14.    A corporation's principal place of business is determined under the "nerve center" test.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*.  A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters."  *Id*. at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, where income tax returns are filed, and where day-to-day control over

the company is executed.  *See, e.g., Tomblin v. XLNT Veterinary Care, Inc.*, No. 09cv1940 BTM (JMA), 2010 WL 2757311, at *4 (S.D. Cal. July 12, 2010).

15.    Under these criteria, Michaels principal place of business is in Texas. Michaels corporate headquarters are in Irving, Texas.  *See* Marker Decl. ¶ 3.  Michaels executive and administrative operations are managed from its Texas headquarters, and the Company's executive officers, including the chief executive officer, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Michaels headquarters in Texas.  *Id.* ¶ 4.  Additionally, the executive vice-president of stores with responsibility for the operation of Michaels stores nationwide, including California stores, maintains his office in Texas.  *Id.*  While local managers may have discretion over the management of their stores, the company makes and implements company operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions from its headquarters in Texas.  *Id.* ¶ 5.  Moreover, the majority of Michaels board meetings occur in Texas, Michaels financial records are maintained in Texas, and Michaels tax returns are filed from Texas.  *Id.* ¶ 6.

16.    Similarly, Defendant Aaron Brothers is a citizen of Delaware and Texas. Aaron Brothers is a corporation organized under the laws of Delaware.  Declaration of James King in Support of Notice of Removal of Action ("King Decl.") ¶ 3.  It is not incorporated in California.  *Id.*

17.    Aaron Brothers maintains its corporate headquarters in Irving, Texas.  *Id.* ¶ 4.  While local managers may have discretion over the management of their stores, the Company makes and implements company operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions from its headquarters in Texas.  *Id.* ¶¶ 4, 6.  The executive officers of Aaron Brothers maintain their offices in Texas.  *Id.* ¶ 5.  Additionally, Aaron Brothers' financial records are maintained in Texas and Aaron Brothers' tax returns are filed from Texas.  *Id.* ¶ 7.  Accordingly, Aaron Brothers' principal place of business is in Texas.

1      18.    Finally, Defendant Artistree is also a citizen of Delaware and Texas.

2   Artistree is a Delaware corporation, and has not been incorporated in California.

3   Declaration of Chris Freeman in Support of Notice of Removal of Action ("Freeman

4   Decl.") ¶ 3.  Artistree's principal place of business is also in Texas.  While local

5   managers may have discretion over the management of their individual operations,

6   Artistree's executive and administrative operations are managed from its corporate

7   headquarters, which is located in Coppell, Texas.  *Id.* ¶¶ 4-5.  Texas is also the location

8   of Artistree's financial records, and its tax returns are filed from Texas.  *Id.* ¶ 6.

9      19.    Accordingly, this action involves citizens of different states: Kopstein, who

10   is a citizen of California (and seeks to represent a class including California citizens),

11   and Michaels, Aaron Brothers, and Artistree, which are citizens of Delaware and Texas.

12      20.    <u>Amount in Controversy.</u>  Defendants aver, for purposes of this Notice only,

13   that Kopstein's claims place more than $5 million in controversy.  "The amount in

14   controversy is simply an estimate of the total amount in dispute, not a prospective

15   assessment of [the] defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

16   395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the

17   entire amount" alleged in complaint).  The Ninth Circuit has instructed that removal is

18   proper if, from the allegations of the Complaint and the Notice of Removal, it is more

19   likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T*

20   *Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth

21   Circuit precedent requiring proof of amount in controversy to a "legal certainty" under

22   some circumstances).  This standard is easily satisfied here.

23      21.    For his Third Cause of Action, Kopstein alleges that Defendants owe

24   penalties for having failed to pay all wages to employees upon the end of their

25   employment, as required by Section 203 of the California Labor Code.  *See* Complaint

26   ¶¶ 32-34.  Under Section 203, former employees whom an employer willfully denied

27   wages may recover penalties in the amount of their daily rate of pay for a period of up

28   to thirty days.  *See* Cal. Lab. Code § 203.  Kopstein alleges that Defendants underpaid

DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

their California employees because of their "common" "vacation policy and practices" which they applied to all California employees, and which caused employees to "unknowingly forfeit/lose vacation time[.]"  *See* Complaint ¶¶ 9-12, 21.  Thus, under Kopstein's theory, all former California employees were paid less in accrued vacation wages than they were owed upon termination, and therefore these former employees could all be owed Section 203 penalties.  *See Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) (where plaintiff alleges pervasive violations, "it is reasonable to assume that each employee leaving employment would" be owed Section 203 penalties); *Helm v. Alderwoods Grp., Inc.*, No. C 08-011874 SI, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) (same); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (court may assume maximum penalty consistent with plaintiff's allegations for purposes of amount in controversy).

22.     Since July 10, 2011, approximately 13,271 of Michaels non-exempt California employees have separated from the company, each one of whom could potentially recover Section 203 penalties under Kopstein's claim.[2]  *See* Marker Decl. ¶ 11.  These individuals typically worked shifts of at least four hours per day, and all earned at least $8.00 or more per hour, the minimum wage in California since July 10, 2011.  *Id.*  Accordingly a 30-day penalty would be at least $960 per person ($30 \times 4 \times \$8 = \$960$), so the total amount of Section 203 penalties in controversy for these individuals exceeds $12.7 million ($\$960 \times 13{,}271 = \$12{,}740{,}160$).

23.     During that same time, approximately 92 of Michaels nonexempt employees have separated from the company.  *See* Marker Decl. ¶ 12.  These individuals all earned annual salaries of at least $55,000 at separation, for an average daily wage of approximately $211 ($\$55{,}000 \div 52 \div 5 = \$211.54$).  *Id.*  Accordingly, a 30-day penalty

---

[2] A three-year statute of limitations applies to claims brought pursuant to Section 203.  *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).

1    would be at least $6,330 per person, and the total amount of Section 203 penalties in

2    controversy for these individuals exceeds $580,000 ($6,330 × 92 = $582,360).

3        24.    In short, even when limited only to Michaels employees, Kopstein's claim

4    for Section 203 penalties alone place far more than $5 million in controversy, without

5    considering his claims for unpaid wages, injunctive relief, PAGA penalties, punitive

6    damages, and attorney's fees, and also ignoring employees of defendants Aaron

7    Brothers and Artistree.  *See* Complaint ¶¶ 27, 31, 34, 59 & Prayer for Relief.  Therefore,

8    the amount in controversy requirement is satisfied.  *See Guglielmino v. McKee Foods*

9    *Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the

10   evidence standard where defendant's conservative estimates exceeded the requisite

11   amount); *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL

12   4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under

13   preponderance of the evidence standard where defendant's estimated putative class size

14   multiplied by statutory penalty for alleged violations exceeded $5 million).

15       25.    There are no grounds that would justify this Court in declining to exercise

16   its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or require it to decline to exercise

17   jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

                              TRADITIONAL DIVERSITY JURISDICTION

19       26.    Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction

20   over suits between citizens of different states where there is more than $75,000 in

21   controversy.  Both requirements are satisfied here.

22       27.    Diversity of Citizenship.  As detailed above, Kopstein is a citizen of

23   California, and Michaels, Aaron Brothers, and Artistree are citizens of Delaware and

24   Texas.  Defendant Judy Waymire is also a citizen of Texas.  *See* McLaughlin Decl. ¶ 5 &

25   Ex. E (indicating that Waymire was served at her workplace in Texas, as an out-of-state

26   defendant).

27       28.    Although Kopstein alleges causes of action against individual defendant

28   Patricia Ary, who is allegedly a California citizen (*see* Complaint ¶¶ 5, 35-46, 56-60),

DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

this defendant must be disregarded for purposes of determining diversity jurisdiction because she has been fraudulently joined.[3]  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  "Fraudulent joinder is a term of art and is not intended to impugn the integrity of Plaintiff or his counsel."  *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998).  Additionally, "'fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'"  *Id.* at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).  "Whether or not a plaintiff may recover on the stated claims against the resident defendants does not include consideration of whether, with further discovery, the plaintiff may uncover a factual basis for its claims. . . ."  *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).

29.     Kopstein alleges four causes of action against the individual defendants—(1) fraud and deceit, (2) negligent misrepresentation, (3) promissory estoppel, (4) retaliation under California Labor Code section 1102.5, and (5) claims for civil penalties under PAGA—but California law establishes that Kopstein has no right to recover from any of the individual defendants on these claims, as explained below.  They are therefore fraudulently joined and their citizenship must be disregarded for purposes of determining diversity of citizenship.

30.     Kopstein fails to state viable causes of action for fraud/deceit or negligent misrepresentation against Ary and Waymire, because the California Labor Code

---

[3]The reasons why Kopstein cannot assert claims against Patricia Ary, and why she has been fraudulently joined, would apply equally to Judy Waymire as well.  Therefore, both individual defendants have been fraudulent joined, and traditional diversity jurisdiction would exist regardless of the citizenship of either of them.

1   provides the exclusive remedy for the rights it provides, including the right to payment

2   for accrued vacation wages upon termination of employment, and the right to accurate

3   wage statements.  *See Brewer v. Premier Golf Props.*, 168 Cal. App. 4th 1243, 1252

4   (2008); *see also* Cal. Lab. Code § 227.3 (providing that "all vested vacation shall be

5   paid to [a terminated employee] as wages at his final rate," and that a vacation policy

6   "shall not provide for forfeiture of vested vacation time"); *id.* § 226 (delineating wage

7   statement requirements).  For this reason, courts have consistently denied attempts by

8   plaintiffs to seek tort remedies for an alleged failure to pay accrued vacation at

9   termination.  *See Garcia-Barajas v. Nestle Purina Petcare Co.*, No. 1:09-CV-00025

10  OWW DLB, 2009 WL 2151850, at *5 (E.D. Cal. July 16, 2009) (striking request for

11  punitive damages because Labor Code provides the exclusive remedy for nonpayment

12  of vacation wages); *accord In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F.

13  Supp. 609, 620-21 (N.D. Cal. 2007); *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 409-

14  10 (N.D. Cal. 1990).  Similarly, courts have dismissed tort claims seeking to enforce

15  other rights created by the Labor Code.  *See, e.g.*, *Pulido v. Coca-Cola Enters., Inc.*, No.

16  EDCV06-406CAP(OPX), 2006 WL 1699328, at *9 (C.D. Cal. May 25, 2006)

17  (dismissing claim for conversion of meal break premium pay); *Jacobs v. Genesco, Inc.*,

18  No. CIV. S-08-1666 FCD DAD, 2008 WL 7836412, at *3 (E.D. Cal. Sept. 3, 2008).

19          31.    Here, Kopstein's tort claims for fraud and negligent misrepresentation, on

20  their face, seek to enforce his right to receive payment for accrued vacation wages

21  and/or his right to accurate wage statements.  *See* Complaint ¶¶ 40-41, 45 (seeking

22  damages for alleged "forfeiture" of "vacation accrual"); *id.* ¶ 37 (alleging that

23  misrepresentations "were made by and through the issuance of . . . itemized wage

24  statements").  His only conceivable damages would be payment for unused accrued

25  vacation time or damages/penalties for inaccurate wage statements.  Since the Labor

26  Code provides the exclusive remedy for enforcing those rights, his tort claims fail as a

27  matter of law.

28

32.     Kopstein's Sixth Cause of Action for promissory estoppel fails as to the Ary and Waymire because they cannot be held liable for promises allegedly made as Michaels agents and on its behalf.  Kopstein does not allege that Ary and Waymire promised that they would personally provide paid vacation; rather, he alleges that they made representations about vacation benefits provided by Michaels, in their capacity as employees or managers of the Company.  *See* Complaint ¶ 11 (Michaels made representations "by and through its upper level management, including . . . Patricia Ary and Judy Waymire").

33.     "Under California law it is settled that a personal judgment for damages for breach of contract may not be obtained against a known agent of a disclosed principal." *Sackett v. Wyatt*, 32 Cal. App. 3 592, 597 (1973); *see, e.g.*, *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJM, 2012 WL 5704403, at*11 (E.D. Cal. Nov. 15, 2012) (summary judgment on breach of contract claim against individual acting in his capacity as employee of contracting party).  Moreover, "promissory estoppel is distinct from contract [only] in that the promisee's justifiable and detrimental reliance on the promise is regarded as a substitute for the consideration required as an element of an enforceable contract."  *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 904 (2005) (quoting *Signal Hill Aviation Co. v. Stroppe*, 96 Cal. App. 3d 627, 640 (1979)).  Therefore, since Ary and Waymire could not be held liable for breach of contract based on their representations about Michaels vacation policy, they cannot be held liable under a promissory estoppel theory either.

34.     Kopstein's Tenth Cause of Action under California Labor Code section 1102.5 fails as to the Ary and Waymire because that statute did not apply to them at the time of the events alleged in the Complaint, because they were not Kopstein's employer. Kopstein alleges that Ary and Waymire violated Section 1102.5 by terminating him on September 9, 2013.  *See* Complaint ¶¶ 15, 57.  Although the statute has since been amended, at that time, the statute imposed liability only on the employer—not its employees.  *See* 2013 Cal. Stat. ch. 781 (S.B. 496) (amending Section 1102.5 to impose

1  liability on an employer "or any person acting on behalf of the employer"); Cal. Const.

2  art. 4, § 8(c) (amendment effective January 1, 2014).

3      35.   Finally, Kopstein's Eleventh Cause of Action under PAGA fails as to Ary

4  and Waymire because PAGA does not create liability for the agents of an employer.

5  Labor Code section 2699(c) provides that a PAGA action may only be brought by a

6  person "who was *employed* by the alleged violator" (emphasis added).  Moreover,

7  "[u]nder the common law, corporate agents acting within the scope of their agency are

8  not personally liable for the corporate employer's failure to pay its employees' wages,"

9  and the statute must be "construed in light of the common law unless the Legislature

10  clearly and unequivocally indicates otherwise"—which it does not.  *Reynolds v. Bement*,

11  36 Cal. 4th 1075, 1086-87 (2005) (quotation omitted) (abrogated on other grounds by

12  *Martinez v. Combs*, 49 Cal. 4th 35 (2010)).  Therefore, this claim fails as to Ary and

13  Waymire as well.

14      36.   Because Ary and Waymire are fraudulently joined, the only defendants

15  whose citizenship matters for purposes of determining whether complete diversity exists

16  are Michaels, Aaron Brothers, and Artistree.  Therefore, this action is between a citizen

17  of California and citizens of Delaware and Texas, so there is complete diversity under

18  28 U.S.C. § 1332(a).

19      37.   <u>Amount in Controversy.</u>  For purposes of removal, and without conceding

20  that Kopstein is owed anything, Defendants submit that the amount in controversy on

21  Kopstein's individual claims exceeds $75,000, exclusive of interest and costs.  The

22  Complaint is silent as to the amount of damages sought.  Removal is therefore proper if,

23  from the allegations of the Complaint and the Notice of Removal, it is more likely than

24  not that the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life*

25  *Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295,

26  298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the

27  Court considers all recoverable damages, including emotional distress damages,

28  punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State*

*Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

38.    Here, as stated above, Kopstein asserts wrongful termination and retaliation claims, alleging that he was fired for complaining about Michaels vacation policy.  *See* Complaint ¶¶ B, 53-57.  Although Defendants dispute Kopstein's claims, Kopstein allegedly suffered lost past and future income and employment benefits, damage to career, and psychological and emotional distress, including physical symptoms.  *See id.* ¶¶ 16-17.  He also seeks punitive damages.  *See id.* ¶¶ 18 & Prayer for Relief.  These claims are of the type that has resulted in jury verdicts in excess of $75,000.

39.    To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts."  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding it is proper to consider evidence from various jury verdict reporters to establish the amount in controversy); Robert I. Weil, et al., *Cal. Practice Guide: Fed. Civ. Proc. Before Trial* 2:665 (2006). The following jury verdicts are illustrative:

    a.    *Martin v. "Old" Turner Inn*, Los Angeles County Superior Court, No. BC256037, 42 Trials Digest 6th 3, 2003 WL 22416020 (Feb. 27, 2003).  Plaintiff brought causes of action for wrongful termination, alleging that she complained to her employer that it was not complying with overtime laws, and the employer fired her in retaliation.  The jury awarded $89,508 in compensatory and punitive damages.  *See* Request for Judicial Notice ¶ 1; McLaughlin Decl. ¶ 9, Ex. I.

    b.    *Lindsey v. Century-National Ins. Co.*, Los Angeles County Superior Court, No. BC207941, 2000 WL 35913833 (Mar. 17, 2000).  Plaintiff brought causes of action for retaliation and wrongful termination, alleging that she was fired after returning from a one-week absence from work to care for her son, who was ill.  She claimed damages for lost income, earning capacity, job benefits, and emotional distress.

1   The jury awarded $120,000 in economic and $250,000 in noneconomic damages.  *See*

2   Request for Judicial Notice ¶ 2; McLaughlin Decl. ¶ 10, Ex. J.

3           c.      *Spurling v. Brink's, Inc.*, U.S. District Court, Central District of

4   California, No. 5:07-cv-01071-SGL-OP, 2009 WL 2342575 (Mar. 5, 2009).  Plaintiff

5   brought claims for wrongful termination, alleging that he was fired because he refused

6   to terminate an African American supervisor.  The jury awarded $208,073 in damages.

7   *See* Request for Judicial Notice ¶ 3; McLaughlin Decl. ¶ 11, Ex. K.

8           40.     Each case, like the case at bar, involved an employee who was allegedly

9   wrongfully terminated by his employer.  Although not identical in every respect to the

10  case at bar, the foregoing cases contain material similarities.  That is sufficient for

11  purposes of establishing the jurisdictional minimum.  *See Simmons*, 209 F. Supp. 2d at

12  1035.  As the court in *Simmons* stated, "[t]he fact that the cited cases involve

13  distinguishable facts is not dispositive.  Notwithstanding these differences, the jury

14  verdicts in these cases amply demonstrate the potential for large punitive [and emotional

15  distress] damage awards" in wrongful termination cases.  *Id.* at 1033-34.  These

16  comparable verdicts, therefore, also support a finding that the amount in controversy is

17  satisfied.

18          41.     Further, Kopstein's claim for lost wages could also be substantial, as he

19  earned more than $77,000 per year.  *See* Marker Decl. ¶ 10; *Brady v. Mercedes-Benz*

20  *USA, Inc.*, 243 F. Supp. 2d 1004, 1011 fn. 4 (N.D. Cal. 2002) ("[f]uture income loss" is

21  considered in the amount in controversy.)

22          42.     Finally, if successful, Plaintiff is expected to seek statutory attorney's fees

23  in connection with his claims.  *See* Complaint, Prayer for Relief ¶ 5.  Although

24  Defendants deny that Kopstein is entitled to any attorney's fees, where attorney's fees

25  and costs are provided by statute, the amount of those fees likely to be incurred is also

26  included in the amount in controversy for purposes of diversity jurisdiction.  *Kroske v.*

27  *U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  *See also Simmons*, 209 F. Supp. 2d

28  at 1035 (attorney's fees in wrongful termination claims "often exceed the damages").

DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

43.    In sum, the nature of Kopstein's claims and his prior salary, combined with his request for attorney's fees, and evidence of prior jury verdicts in similar cases, support a finding that the amount in controversy exceeds $75,000.

VENUE

44.    The United States District Court for the Central District of California is the judicial district embracing the place where Case No. BC551245 was filed by Kopstein and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.

Dated:  August 20, 2014

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP
GARY M. MCLAUGHLIN
JONATHAN P. SLOWIK

By_____
Gary M. McLaughlin
Attorneys for Defendants
Michaels Stores, Inc., Aaron Brothers,
Inc., Artistree, Inc., Patricia Ary,
and Judy Waymire