# EXHIBIT H

*Roni*

**CONFORM**

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

COPY

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MICHAELS STORES, INC., a corporation; [Additional Parties
Attachment Form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RONALD KOPSTEIN

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JUL 1 0 2014**

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):*  BC 5 5 1 2 4 5 |
|---|---|

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andrew D. Morrison, Ross & Morrison, 315 S. Beverly Dr., Ste. 410,  Beverly Hills, CA 90212  310.285.0391

| DATE:<br>*(Fecha):* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | CRISTINA GRIJALVA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**JUL 1 0 2014**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

1   ROSS & MORRISON
    Gary B. Ross (SBN 121291)
2   Andrew D. Morrison (SBN 144216)
    315 S. Beverly Drive, Suite 410
3   Beverly Hills, CA 90212
    Ph.: 310.285.0391; Fax: 310.285.6083
4   www.rossandmorrison.com

5   Attorneys for Plaintiff

CONFORM COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 1 0 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10  RONALD KOPSTEIN,                    )  CASE NO.
                                        )  **BC 5 5 1 2 4 5**
11             Plaintiff,               )  COMPLAINT FOR DAMAGES:
         v.                             )
12                                      )  1.  Viol. of Cal. Labor Code
    MICHAELS STORES, INC., a            )      § 227.3 (Vacation Pay)
13  corporation; AARON BROTHERS,        )  2.  Viol. of Cal. Labor Code
    INC., a corporation; ARTISTREE,     )      §§ 226 and 1174 (Record
14  INC., a corporation; PATRICIA       )      Keeping)
    ARY, an individual; JUDY            )  3.  Viol. of Cal. Labor Code
15  WAYMIRE, and individual; and        )      § 203 (Waiting time)
    DOES 1-100,                         )  4.  Fraud
16                                      )  5.  Negligent Misrep.
               Defendants.             )  6.  Promissory Estoppel
17                                      )  7.  Breach of Contract/
                                        )      Implied Covenant
18                                      )  8.  Unfair Business Practices
                                        )      (Cal. Bus. & Prof. Code
19                                      )      §§ 17200, et seq.)
                                        )  9.  Wrongful Termination in
20                                      )      Violation of Public
                                        )      Policy
21                                      )  10. Viol. of Cal. Labor Code
                                        )      § 1102.5 (Retaliation)
22                                      )  11. Private Attorneys General
                                        )      Act (Cal. Labor Code
23                                      )      §2998 et seq.)
                                        )
24  _____       )
                                        )  DEMAND FOR JURY TRIAL
25  _____       )

26  / / /

27  / / /

28  / / /

                                 1
                            COMPLAINT
    complaint 07-10-14.wpd

1                        SUMMARY OF CLAIMS

2        A.   Defendants' fraudulent/misleading vacation policy

3   (Representative Claims).  Defendants maintain a vacation policy

4   and practice is fraudulent and misleading.  In particular,

5   defendants knowingly communicate to employees false and

6   inaccurate bi-weekly statements as to their vacation accrual --

7   understating the "actual" accrual which defendants calculated

8   internally, causing employees to unknowingly forfeit accrued

9   vacation time which had been secretly "capped."  Plaintiff on his

10  own behalf, in the capacity of Private Attorney General pursuant

11  to Labor Code § 2699 (PAGA), and/or as a class representative on

12  behalf of himself and other current and former California

13  employees of defendants, seeks recovery, including: (1) an award

14  of damages to compensate plaintiff and other former employees for

15  such forfeited time, including penalties; (2) an injunction

16  requiring defendants to provide current and future employees with

17  correct information, and to restore forfeited accrued vacation

18  time to the accrued vacation balance of all current employees.

19       B.   Wrongful termination of plaintiff (Individual Claims).

20  Plaintiff brings this action individually and under PAGA for

21  wrongful termination/retaliation, based on the following:  After

22  a successful 14-year career with Michaels, plaintiff raised

23  concerns to corporate management regarding the defendant's

24  forfeiture of employees vacation time.  In response/retaliation,

25  just three weeks later, defendants terminated plaintiff for

26  making such complaints, based on exaggerated/pretextual grounds.

27       Plaintiff alleges, based on personal knowledge and/or

28  information and belief:

                              2
                           COMPLAINT

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 207**

## IDENTIFICATION OF PARTIES

1.   <u>Plaintiff</u>.  Plaintiff is an individual residing in Los Angeles County, California.

2.   <u>Defendant Michaels Stores, Inc</u>.  Defendant Michaels Stores, Inc. (sometimes also known as "Michaels Arts and Crafts" and/or "Michaels") ("Michaels"), is a corporation doing business in California, with its principal California office in Los Angeles County, California, and its principal offices in Texas.

3.   <u>Defendant Aaron Brothers, Inc</u>.  Defendant Aaron Brothers, Inc. ("Aaron Bros"), is a corporation doing business in California, with its principal California office in Los Angeles County, California, and its principal offices in Texas.  Aaron Brothers, Inc. is a wholly-owned subsidiary of Michaels.

4.   <u>Defendant Artistree, Inc</u>.  Defendant Artistree, Inc. ("Artistree") is a corporation doing business in California, with its principal California office in Los Angeles County, California, and its principal offices in Texas.  Artistree, Inc. is a wholly-owned subsidiary of Michaels.

5.   <u>Defendant Patricia Ary</u>. Patricia Ary is an individual residing in California (California citizen and domicile), and at all relevant times was an agent/employee of defendant Michaels Stores, Inc.

6.   <u>Defendant Judy Waymire</u>. Judy is an individual of unknown State citizenship, and at all relevant times was an agent/employee of defendant Michaels Stores, Inc.

7.   <u>Doe defendants</u>.  Defendants Doe 1-100 are named fictitiously.  Plaintiff will amend to plead the names of such defendants when known.  Each Doe defendant was responsible for

3

COMPLAINT

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 208

1   the events and damages alleged herein, including, without

2   limitation, on the following bases:

3          a.   Does 1-50.  Doe defendant(s) 1-50 consist of

4   corporate or other entity(ies) which at relevant times:

5                (1) Were division(s), subsidiary(ies), parent

6   company(ies), affiliate(s), successor(s), and/or assign(s)

7   Michaels, Aaron Bros, and/or Artistree, which maintained the same

8   or substantially similar vacation policies and practices as those

9   described below.

10               (2) Were alter egos of Michaels, Aaron Bros,

11  and/or Artistree, in that atall relevant times there existed, a

12  unity of ownership and interest between and/or among them, such

13  that any individuality and separateness between said defendants

14  has ceased, and defendants are the alter ego(s) of one another.

15  The defendants exercised domination and control over one another,

16  to such an extent that any individuality or separateness of

17  defendants does not, and at all times herein mentioned did not,

18  exist.  Adherence to the fiction of separate existence of the

19  defendants would permit abuse of the corporate privilege and

20  would sanction fraud and promote injustice; and/or

21               (3) Were and/or are the agent of, and/or acted

22  under the direction, control and/or supervision of, one or more

23  of the remaining defendants, and in doing the acts alleged, acted

24  within the course and scope of such agency, and/or otherwise

25  liable for plaintiff's damages.

26         d.   Does 51-100.  Doe defendant(s) 51-100 consist of

27  individual(s) who were the agent or employee, and/or acted under

28  the direction, control and/or supervision of, one or more of the

---

4

COMPLAINT

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 209**

1  remaining defendants, and in doing the acts alleged, acted within

2  the course and scope of such agency and employment, or otherwise

3  liable for plaintiff's damages.

4      8.   "Defendant."   The named defendants and Doe defendants

5  are sometimes hereafter referred to (collectively and/or

6  individually) as "defendant."   Michaels, Aaron Bros, and/or

7  Artistree are sometimes hereafter referred to as "defendants."

8              FACTS COMMON TO ALL CAUSES OF ACTION

9      9.   Defendants' vacation policy.   At all relevant times,

10 defendants promulgated the following vacation policy to its

11 California employees (See Ex. A hereto):

12     "Eligible full-time associates are granted vacation on each anniversary

13     based on years of service. Associates are encouraged to use vacation

14     within the 12 months after the grant of the vacation.  Associates in

15     California accrue vacation throughout the year, per California law, and

16     may roll over up to double the annual accrual limit at any given time.

17     Vacation is granted as follows:"

18

| California Store Associates | |
|---|---|
| Years of Continuous Service | Vacation Accrued |
| Start of employment through 1st anniversary* | 0.154 hours/ day, up to 40 hours/year |
| Starting on 1st anniversary through 5th anniversary | 0.308 hours/day, up to 80 hours/year |
| Starting on 5th anniversary through 20th anniversary | 0.462 hours/day, up to 120 hours/year |
| Starting on 20th anniversary and thereafter | 0.615 hours/day, up to 160 hours/year |

* Although vacation accrues from the start of employment, no vacation time may be taken until after completion of the first year of employment.

27     10.   Defendants' internal vacation accounting practices.

28 Defendants internally calculated vacation time, by adding 10

5

COMPLAINT

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 210**

1  times the applicable daily rate for each bi-weekly pay period

2  (e.g., for employees with between 5 and 20 years of service,

3  defendants credited 4.62 hours (10 x .462) each pay period).  Any

4  vacation time used was deducted.  When the total accrued vacation

5  reached the applicable "cap" (e.g., for employees with between 5

6  and 20 years of service, the cap was 240 (2 x the annual accrual

7  of 120 hours per year), **no additional time would be credited and**

8  **vacation time ceased to accrue.**  This accounting was entirely

9  <u>internal</u> -- defendants and its agents did not apprise employees

10  of this calculation, of how much time vacation time had been

11  accrued according to their calculation, nor of when the employee

12  was nearing or had reached their "cap" and was no longer accruing

13  vacation time.

14      11.  <u>Defendants' false statements to employees of accrued</u>

15  <u>vacation time</u>.  Each bi-weekly pay period, defendants provided

16  its employees with a statement of accrued vacation time.

17  However, this statement did <u>not</u> reflect defendants internal

18  accounting (i.e., what defendants considered to be the "actual"

19  accrual).  Instead, defendants issued its employees, on its bi-

20  weekly itemized wage statement, a false/inaccurate accrual, which

21  did not account for the ongoing bi-weekly addition performed by

22  defendants behind the scenes.  Instead, the accrued vacation

23  reflected on the bi-weekly itemized wage statement reflected only

24  the amount accrued as of the anniversary date, less any vacation

25  used (i.e., as if employees were "granted vacation on each

26  anniversary " as stated in defendants' policy (above), rather

27  than on a continuous, bi-weekly basis, as reflected in

28  defendants' secret calculations).  These numbers were meaningless

6

COMPLAINT

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 211**

1  vis-a-vis Michaels' actual calculations -- they were never used,

2  and had nothing to do with, the actual accrual provided to

3  employees.   Michaels, by and through its upper level management,

4  including, without limitation, Patricia Ary and Judy Waymire,

5  represented to its employees, including plaintiff, that the

6  accrual was being accurately calculated and accurately reflected

7  on the wage statement/pay stub.

8      12.  Unknowing forfeiture of accrued vacation time.  As a

9  result of the foregoing, employees were misled by relying on the

10  understated amounts of the accrued vacation balance communicated

11  to them by defendants (rather than the secret, higher balances

12  defendants used but did not communicate to employees), and would

13  unknowingly forfeit/lose vacation time, rather than arranging

14  vacation time so as to avoid such forfeiture.

15      13.  Plaintiff's hiring and employment.  Plaintiff was hired

16  by defendants as an assistant manager in or about September,

17  1999.  Plaintiff successfully worked for defendant for 14 years,

18  attaining the role of store manager

19      14.  Plaintiff's complaints.  In mid-August, 2013, plaintiff

20  raised concerns to corporate management, including, without

21  limitation, Patricia Ary and Judy Waymire, who had been

22  responsible for communications to plaintiff regarding his accrued

23  vacation, regarding the defendant's forfeiture of employees

24  vacation time, which is illegal under California law.

25      15.  Plaintiff's termination.  In response, just three weeks

26  later, on September 9, 2013, plaintiff was abruptly terminated,

27  on false and pretextual grounds.  Plaintiff's good faith

28  opposition to defendant's illegal practices was a substantial

7
COMPLAINT

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 212**

1   motivating factor in defendant's decision to retaliate against

2   plaintiff, and terminate plaintiff's employment.

3        16.  Economic damages.  As a consequence of defendant's

4   conduct, plaintiff has suffered and will suffer harm, including,

5   without limitation, lost past and future income and employment

6   benefits; and damage to career, in a sum to be proven at trial.

7        17.  Non-Economic damages.  As a consequence of defendant's

8   conduct, plaintiff has suffered and will suffer psychological and

9   emotional distress, including physical symptoms, in a sum to be

10  proven at trial.

11       18.  Punitive damages.  Defendants are guilty of oppression,

12  fraud or malice under California Civil Code Section 3294, so as

13  to entitle plaintiff to an award of exemplary/punitive damages.

14                   CLASS ACTION ALLEGATIONS

15       19.  The class that plaintiff represents, pursuant to

16  California Code of Civil Procedure § 382, is composed of all

17  current and former employees of defendants who worked for

18  defendants in the State of California during the class period and

19  had vacation time capped (and thus forfeited vacation time by no

20  further accrual) while the accrued vacation appearing on the bi-

21  weekly paystub statements did not show the were being capped.

22  The names and addresses of the class members are available from

23  defendants' business records.  Notice will be provided to class

24  members via first class mail and/or other appropriate means, and

25  by a form of notice similar to those customarily used in class

26  action lawsuits of this nature.

27       20.  Class action status is appropriate in this case because

28  there is an ascertainable class and a well-defined community of

8

COMPLAINT

complaint 07-10-14.wpd

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 213

1  interest among the class members in that questions of law or fact
2  predominate over individual questions; the claims of plaintiff
3  str typical of the class; and the plaintiff can adequately
4  represent the class.  Further, given the size of the class,
5  proceeding with a class action in lieu of individual claims will
6  provide substantial benefits to both the litigants and the Court.
7      21.  The common issues of fact and law which predominate in
8  the case involve defendants vacation policy and practices (common
9  issue of fact), and whether such practices violated the law as
10  alleged below (common issues of law).  Proof of this common state
11  of facts and assertions of law will establish the right of each
12  class member to recover damages and/or equitable relief from
13  Defendants.  Further, the prosecution of separate actions by the
14  individual class members, even if possible, would create a
15  substantial risk of inconsistent or varying adjudications.
16      22.  Plaintiff's claims are typical of the claims of all
17  class members, in that plaintiff was subject to the same
18  methodology of vacation calculation as other members of the
19  class, and suffered the same harm (inadvertent loss of accrued
20  vacation time due to defendants' policies and practices).
21  Consequently, plaintiff, as a representative parties, will fairly
22  and adequately protect the interests of the class by vigorously
23  pursuing this suit through attorneys who are skilled and
24  experienced in handling civil litigation of this type.
25      23.  Proceeding with this case as a class action will
26  provide substantial benefits to both the litigants and the Court.
27  The persons in the class are so numerous, consisting of hundreds
28  of individuals, that joinder of all such persons is

9

COMPLAINT

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 214

1   impracticable.   Moreover, this case involves large corporate

2   employers and a large number of individual employees with many

3   relatively small claims.   If each current and former employee

4   were required to file an individual lawsuit, the corporate

5   defendants would necessarily gain an unconscionable advantage

6   since they would be enabled to pursue a "divide and conquer"

7   strategy designed to exploit and overwhelm the limited resources

8   of each individual plaintiff with its vastly superior financial

9   and legal resources.   Further, in a class action proceeding,

10  class members who are still employed by defendants can remain

11  anonymous yet have their rights vigorously pursued by plaintiff;

12  particularly as injunctive relief .   Absent the anonymity

13  provided by a class action, current employees of defendants might

14  avoid filing actions against their current employer for real and

15  justifiable fear of retaliation and permanent damage to their

16  careers with the defendants or in the industry.   Conversely,

17  Plaintiffs are not aware of any difficulty which would preclude

18  the maintenance of this litigation as a class action.

19                    <u>FIRST CAUSE OF ACTION</u>

20        Viol. of Cal. Labor Code § 227.3 (Vacation Pay)

21        By Plaintiff Individually and as Class Representative

22  Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

23        24.   Paragraphs 1-23 are incorporated.

24        25.   As alleged above, defendants promulgated a vacation

25  policy providing that "Eligible full-time associates are granted

26  vacation **on each anniversary** based on years of service."

27  Defendants also issued bi-weekly communications to employees

28  indicated their accrued vacation, consistent with the

                              10

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 215**

1   "anniversary date" accrual method.

2       26.   Defendants violated Cal. Labor Code § 227.3 by failing

3   to follow their stated vacation policy, statements and practices,

4   and instead employing a continuous accrual methodology, which

5   resulted in the improper and illegal forfeiture of its employees'

6   vested vacation accrual.

7       27.   Plaintiff, on behalf of himself and other class

8   members, is/are entitled to damages including full compensation

9   for such unpaid amounts, together with any and all appropriate

10  penalties, injunctive relief, and other relief, to the full

11  extent permissible by law.

12                       SECOND CAUSE OF ACTION

13      Viol. of Cal. Labor Code §§ 226 and 1174 (Record Keeping)

14       By Plaintiff Individually and as Class Representative

15  Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

16      28.   Paragraphs 1-27 are incorporated.

17      29.   Defendants are required, inter alia, by Labor Code §§

18  226 and 1174, to provide accurate information to employees

19  concerning their wages, including  mandatory bi-weekly itemized

20  wage statement.

21      30.   Defendant used the itemized wage statement to

22  communicate false and misleading information to employees

23  concerning their vacation accrual.

24      31.   Plaintiff, on behalf of himself and other class

25  members, is/are entitled to damages including full compensation

26  for such unpaid amounts, together with any and all appropriate

27  penalties, injunctive relief, and other relief, to the full

28  extent permissible by law.

                              11
                           COMPLAINT

complaint 07-10-14.wpd

THIRD CAUSE OF ACTION

Viol. of Cal. Labor Code § 203 (Waiting time)

By Plaintiff Individually and as Class Representative

Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

32.  Paragraphs 1-31 are incorporated.

33.  As alleged above, defendants failed to timely pay all outstanding accrued vacation pay to plaintiff and/or his co-workers upon termination, in violation of, inter alia, Cal. Labor Code § 203, and has failed to pay 30 day waiting time penalties attendant thereto.

34.  Plaintiff, on behalf of himself and other class members, is/are entitled to damages including full compensation for such unpaid amounts, together with any and all appropriate penalties, injunctive relief, and other relief, to the full extent permissible by law.

FOURTH CAUSE OF ACTION

Fraud and Deceit

By Plaintiff Individually and as Class Representative

Against All Defendants

35.  Paragraphs 1-34 are incorporated.

36.  Defendants' misrepresentations.  Alternatively, Defendants made a series of knowingly false promises and representations and/or omissions (fraud), at the time and in the manner as set forth above.  Lazar v. Sup. Ct. (Rykoff-Sexton, Inc.), 12 Cal. 4th 631 (1996).

37.  Authority/Scope.  Such false promises and representations and/or omissions were made by and through the issuance of the policies and itemized wage statements by

12

COMPLAINT

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 217**

1  corporate human resources, including without limitation Judy

2  Waymire, and/or Patricia Ary, acting within the course and scope

3  of their authority to make such representations.

4      38.  <u>Statements/knowledge of falsity</u>.  Defendants made the

5  above statements, representations and/or omissions without belief

6  in their veracity, without intention of fulfilling their

7  promises, and/or with reckless disregard as to their truth.

8      39.  <u>Intent</u>.  Defendants made these representations or

9  omissions with the intent of inducing employees reliance,

10  including, without limitation, inducing plaintiff to plan

11  vacation scheduling based on accrued vacation information

12  provided to them.

13     40.  <u>Reliance</u>.  Plaintiff and class members were unaware of

14  the true state of facts and/or that defendants were performing

15  secret calculations resulting in a forfeiture of vacation time.

16  Plaintiff and class members reasonably relied upon defendants'

17  misrepresentations, omissions and promises as set forth above,

18  including, without limitation, by scheduling vacation time in a

19  manner that, based on defendants clandestine calculations,

20  resulted in a forfeiture of vacation time.

21     41.  <u>Causation/damages</u>.  As a result of defendants' conduct,

22  plaintiff and class members suffered damages as alleged

23  including, without limitation, loss of vacation time.

24                    <u>FIFTH CAUSE OF ACTION</u>

25                    Negligent Misrepresentation

26       By Plaintiff Individually and as Class Representative

27                      Against All Defendants

28     42.  Paragraphs 1-41 are incorporated.

13

COMPLAINT

complaint 07-10-14.wpd

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 218

43.   Alternatively, such statements, misrepresentations, and/or omissions were made without reasonable basis for believing them to be true and/or without intention of performing.

<u>SIXTH CAUSE OF ACTION</u>

Promissory Estoppel

By Plaintiff Individually and as Class Representative

Against All Defendants

44.   Paragraphs 1 through 43 are incorporated.

45.   Defendants made promises, misrepresentations and concealments intended to, and which in fact did, induce plaintiff and class members to reasonably rely upon same, including, without limitation by inadvertently forfeiting vacation accrual.

46.   Defendants are estopped under principles of promissory estoppel and/or estoppel by conduct from attempting to avoid its promises and obligations to plaintiff and class members.

<u>SEVENTH CAUSE OF ACTION</u>

Breach of Contract/Breach of Implied Covenant

By Plaintiff Individually and as Class Representative

Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

47.   Paragraphs 1-46 are incorporated.

48.   Plaintiff and class members had an agreement with defendants, part written (including Ex. A and itemized wage statements, part oral and/or part implied-in-fact, including, among other terms, the accrual of vacation as set forth above.

49.   In addition to the express and implied-in-fact agreement alleged above, the employment contract between plaintiff/class members and defendants included an implied covenant of good faith and fair dealing requiring each party to a

14

COMPLAINT

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 219**

1   contract to act with fairness and in good faith relative to the
2   other party, and prohibiting the parties from taking any action
3   designed to prevent the other from enjoying the benefits of the
4   contract, and to refrain from hindering or impeding the other
5   party in the performance of the contract.
6       50.   Defendants breached their express and implied
7   contractual obligations by engaging in practices which deprived
8   plaintiff and class members of vacation accrual, as set forth
9   above.
10                  EIGHTH CAUSE OF ACTION
11          Viol. of Cal. Bus. & Prof. Code §§ 17200, et seq.
12       By Plaintiff Individually and as Class Representative
13   Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50
14       51.   Paragraphs 1-50 are incorporated.
15       52.   Defendants' conduct, as alleged, constitutes an
16   unlawful, and/or deceptive business practice, in violation of
17   Cal. Bus. and Prof. Code §§ 17200, et seq.
18                  NINTH CAUSE OF ACTION
19       Wrongful Termination Violation of Public Policy
20                 By Plaintiff Individually
21            Against Defendants Michaels and Does 1-50
22       53.   Paragraphs 1-52 are incorporated.
23       54.   Public policy of the State of California prohibits,
24   negative job action in retaliation for good faith complaints
25   regarding, raising issues, and/or opposition to, inter alia,
26   illegal wage and hour practices, including, without limitation
27   failure to pay vacation pay, and/or false and misleading vacation
28   pay practices.

                              15
                          COMPLAINT

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 220**

1       55.   Defendant's conduct in terminating plaintiff on the

2   basis of the foregoing violates said public policy(ies).

3   <u>TENTH CAUSE OF ACTION</u>

4   Viol. of Cal. Labor Code § 1102.5

5   By Plaintiff Individually

6   Against Defendants Michaels, Ary, Waymire and Does 1-100

7       56.   Paragraphs 1-55 are incorporated.

8       57.   Defendant's policies/practices and conduct in

9   terminating and retaliating against plaintiff for opposing

10  defendant's misconduct as alleged violates of Cal. Labor Code §

11  1102.5.

12  <u>ELEVENTH CAUSE OF ACTION</u>

13  Private Attorneys General Act (Cal. Labor Code §2998 et seq.)

14  By Plaintiff as Private Attorney General

15  Against All Defendants

16      58.   Paragraphs 1-57 are incorporated.

17      59.   In addition to the foregoing, plaintiff seeks to

18  recover civil penalties on behalf of plaintiff and all current

19  and former employees of defendant for any provision of the Labor

20  Code as defined in Cal. Labor Code § 2699(a), including all

21  penalties with respect to any and all applicable Sections of the

22  Labor Code set forth in Cal. Labor Code § 2699.5, specifically:

23      "subdivision (k) of Section 96, Sections 98.6, 201,

24      201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a,

25      204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209,

26      and 212, subdivision (d) of Section 213, Sections 221,

27      222, 222.5, 223, and 224, subdivision (a) of Section

28      226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2,

16

COMPLAINT

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 221**

230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of
Section 232, subdivision (c) of Section 232.5, Sections
233, 234, 351, 353, and 403, subdivision (b) of Section
404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511,
512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8,
800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973,
976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and
1153, subdivisions (c) and (d) of Section 1174,
Sections 1194, 1197, 1197.1, 1197.5, and 1198,
subdivision (b) of Section 1198.3, Sections 1199,
1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5,
1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309,
1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695,
subdivision (a) of Section 1695.5, Sections 1695.55,
1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6,
1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40,
and 1700.47, paragraphs (1), (2), and (3) of
subdivision (a) of, and subdivision (e) of, Section
1701.4, subdivision (a) of Section 1701.5, Sections
1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776,
1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of
Section 2673.1, Sections 2695.2, 2800, 2801, 2802,
2806, and 2810, subdivision (b) of Section 2929, and
Sections 3095, 6310, 6311, and 6399.7."

60.  <u>Exhaustion of administrative remedies</u>.  Concurrently
with filing this action, plaintiff has and/or will timely exhaust
administrative remedies, by timely filing written notice via
certified mail to the Labor and Workforce Development Agency

complaint 07-10-14.wpd

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 222**

("LWDA") of the contents of this claim.  To the extent necessary, and/or this claim is deemed premature, plaintiff reserves the right amend this claim to allege notice/response from the LWDA.

WHEREFORE, plaintiff prays for judgment as follows:

1.   For compensatory damages, according to proof;

2.   For punitive damages, according to proof;

3.   For all appropriate penalties or assessments, including without limitation  For civil penalties as defined in Cal. Labor Code § 2699(a), including all penalties with respect to any and all Sections of the Labor Code set forth in Cal. Labor Code § 2699.5; and, as to any provisions for which a civil penalty is not specifically provided, for the civil penalty(ies) set forth in Cal. Labor Code § 2699(f)(2); to be distributed as set forth in Cal. Labor Code § 2699(i).

3.   For prejudgment interest;

4.   For appropriate injunctive relief;

5.   For costs of suit, including attorneys fees (as provided, without limitation, under Cal. Labor Code § 2699(g)(1);

6.   For such other relief the Court deems proper.

July 10, 2014                    ROSS & MORRISON

                                 By:  _____
                                      Gary B. Ross
                                      Andrew D. Morrison
                                      Attorneys for Plaintiff

/ / /

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a trial by jury in this action.

3  July 10, 2014                    ROSS & MORRISON

4

5                                   By: _____

6                                        Gary B. Ross
                                         Andrew D. Morrison
7                                        Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

19

COMPLAINT

complaint 07-10-14.wpd

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____  **BC 5 5 1 2 4 5**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on JUL 1 0 2014          Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy Clerk

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 225**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**

**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 226**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 227

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-

    (INSERT DATE)                                        (INSERT DATE)

complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 228**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 229**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 230**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

Date:

_____          >          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____ )

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 231

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 232

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 233

SHORT TITLE:

CASE NUMBER:

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**EXHIBIT H TO G. MCLAUGHLIN DECL. - PAGE 234**