ROSS & MORRISON
Gary B. Ross (SBN 121691)
Andrew D. Morrison (SBN 144216)
315 S. Beverly Drive, Suite 410
Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083
www.rossandmorrison.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KOPSTEIN,<br><br>              Plaintiff,<br><br>    v.<br><br>MICHAELS STORES, INC., a corporation; AARON BROTHERS, INC., a corporation; ARTISTREE, INC., a corporation; PATRICIA ARY, an individual; JUDY WAYMIRE, an individual; and DOES 1-100,<br><br>              Defendants. | CASE NO. CV14-06561-GW(AGRx)<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES:<br><br>1.  Viol. of Cal. Labor Code § 227.3 (Vacation Pay)<br>2.  Viol. of Cal. Labor Code § 203 (Waiting time)<br>3.  Viol. of Cal. Labor Code §§ 226 and 1174 (Record Keeping)<br>4.  Fraud<br>5.  Negligent Misrep.<br>6.  Promissory Estoppel<br>7.  Breach of Contract/ Implied Covenant<br>8.  Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.)<br>9.  Wrongful Termination in Violation of Public Policy<br>10. Viol. of Cal. Labor Code § 1102.5 (Retaliation)<br>11. Private Attorneys General Act (Cal. Labor Code §2998 et seq.)<br><br>DEMAND FOR JURY TRIAL |

/ / /

/ / /

/ / /

1

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

SUMMARY OF CLAIMS

A.   <u>Defendants' breach of vacation policy/fraud (Representative Claims)</u>.  Defendants maintain a vacation policy which they violated, and/or alternatively administered in a fraudulent and misleading manner.  In particular: (1) through their communications/conduct (Exs. A-D), defendants effectively established annual accrual policy, which they willfully violated, by failing to provide full accrued benefits on a annual basis; (2) alternatively, assuming *arguendo* that defendants' vacation policy permitted continuous (rather than annual) accrual, defendants knowingly communicated false and inaccurate bi-weekly statements to employees vacation which misrepresented/understated the accrual which defendants calculated internally, causing employees to unknowingly forfeit accrued vacation time which defendants had secretly "capped."  See Ex. D (Kopstein summary of accrual).  Plaintiff on behalf of himself, as class representative for other current and former California employees of defendants, and as Private Attorney General, seeks recovery, including: (1) an award of damages to compensate plaintiff and other former employees for such forfeited time, including penalties; (2) an injunction requiring defendants to provide current and future employees with correct information, and to restore forfeited accrued vacation time to the accrued vacation balance of all current employees.

B.   <u>Wrongful termination of plaintiff (Individual Claims)</u>.  In addition, plaintiff brings this action individually and under PAGA for wrongful termination/retaliation, based on the following:  After a successful 14-year career with Michaels,

2

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

1  plaintiff raised concerns to corporate management regarding the

2  defendant's forfeiture of employees vacation time. In

3  response/retaliation, just three weeks later, defendants

4  terminated plaintiff for making such complaints, based on

5  exaggerated/pretextual grounds.

6      Plaintiff alleges, based on personal knowledge and/or

7  information and belief:

8                    IDENTIFICATION OF PARTIES

9      1.   Plaintiff.  Plaintiff is an individual residing in Los

10  Angeles County, California.

11      2.   Defendant Michaels Stores, Inc.  Defendant Michaels

12  Stores, Inc. (sometimes also known as "Michaels Arts and Crafts"

13  and/or "Michaels") ("Michaels"), is a corporation doing business

14  in California, with its principal California office in Los

15  Angeles County, California, and its principal offices in Texas.

16      3.   Defendant Aaron Brothers, Inc.  Defendant Aaron

17  Brothers, Inc. ("Aaron Brothers" or "Aaron Bros"), is a

18  corporation doing business in California, with its principal

19  California office in Los Angeles County, California, and its

20  principal offices in Texas.  Aaron Brothers is a wholly-owned

21  subsidiary of Michaels.

22      4.   Defendant Artistree, Inc.  Defendant Artistree, Inc.

23  ("Artistree") is a corporation doing business in California, with

24  its principal California office in Los Angeles County,

25  California, and its principal offices in Texas.  Artistree is a

26  wholly-owned subsidiary of Michaels.

27      5.   Defendant Patricia Ary.  Patricia Ary is an individual

28  residing in California (California citizen and domicile), and at

FIRST AMENDED COMPLAINT
FAC 09-30-14.wpd

1  all relevant times was an agent/employee of defendant Michaels

2  Stores, Inc.

3      6.   Defendant Judy Waymire.  Judy is an individual of

4  unknown State citizenship, and at all relevant times was an

5  agent/employee of defendant Michaels Stores, Inc.

6      7.   Doe defendants.  Defendants Doe 1-100 are named

7  fictitiously.  Plaintiff will amend to plead the names of such

8  defendants when known.  Each Doe defendant was responsible for

9  the events and damages alleged herein, including, without

10  limitation, on the following bases:

11      a.   Does 1-50.  Doe defendant(s) 1-50 consist of

12  corporate or other entity(ies) which at relevant times:

13          (1) Were division(s), subsidiary(ies), parent

14  company(ies), affiliate(s), successor(s), and/or assign(s)

15  Michaels, Aaron Brothers, and/or Artistree, which maintained the

16  same or substantially similar vacation policies and practices as

17  those described below.

18          (2) Were alter egos of Michaels, Aaron Brothers,

19  and/or Artistree, in that at all relevant times there existed, a

20  unity of ownership and interest between and/or among them, such

21  that any individuality and separateness between said defendants

22  has ceased, and defendants are the alter ego(s) of one another.

23  The defendants exercised domination and control over one another,

24  to such an extent that any individuality or separateness of

25  defendants does not, and at all times herein mentioned did not,

26  exist.  Adherence to the fiction of separate existence of the

27  defendants would permit abuse of the corporate privilege and

28  would sanction fraud and promote injustice; and/or

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

1          (3) Were and/or are the agent of, and/or acted

2    under the direction, control and/or supervision of, one or more

3    of the remaining defendants, and in doing the acts alleged, acted

4    within the course and scope of such agency, and/or otherwise

5    liable for plaintiff's damages.

6          d.   <u>Does 51-100</u>.  Doe defendant(s) 51-100 consist of

7    individual(s) who were the agent or employee, and/or acted under

8    the direction, control and/or supervision of, one or more of the

9    remaining defendants, and in doing the acts alleged, acted within

10   the course and scope of such agency and employment, or otherwise

11   liable for plaintiff's damages.

12        8.   <u>"Defendant</u>."  The named defendants and Doe defendants

13   are sometimes hereafter referred to (collectively and/or

14   individually) as "defendant."   Michaels, Aaron Brothers, and/or

15   Artistree are sometimes hereafter referred to as "defendants" or

16   "Michaels."

17                      <u>CLASS ACTION ALLEGATIONS</u>

18        9.   The class that plaintiff represents, pursuant to

19   California Code of Civil Procedure § 382, is composed of all

20   current and former employees of defendants who worked for

21   defendants in the State of California during the class period and

22   either (a) were not provided with the full amount of their annual

23   vacation accrual on their anniversary date pursuant to an annual

24   accrual method, and/or (b) had vacation time capped (and thus

25   forfeited vacation time by no further accrual) while the accrued

26   vacation appearing on the bi-weekly paystub statements did not

27   show the were being capped; and/or (c) otherwise suffered

28   prejudice and/or harm due to the discrepancies and inaccuracies

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

1  in defendants' method of calculating and/or communicating its

2  vacation accrual policies and practices. The names and addresses

3  of the class members are available from defendants' business

4  records.  Notice will be provided to class members via first

5  class mail and/or other appropriate means, and by a form of

6  notice similar to those customarily used in class action lawsuits

7  of this nature.

8      10.  Class action status is appropriate in this case because

9  there is an ascertainable class and a well-defined community of

10  interest among the class members in that questions of law or fact

11  predominate over individual questions; the claims of plaintiff

12  str typical of the class; and the plaintiff can adequately

13  represent the class.  Further, given the size of the class,

14  proceeding with a class action in lieu of individual claims will

15  provide substantial benefits to both the litigants and the Court.

16      11.  The common issues of fact and law which predominate in

17  the case involve defendants vacation policy and practices (common

18  issue of fact), and whether such practices violated the law as

19  alleged below (common issues of law).  Proof of this common state

20  of facts and assertions of law will establish the right of each

21  class member to recover damages and/or equitable relief from

22  Defendants.  Further, the prosecution of separate actions by the

23  individual class members, even if possible, would create a

24  substantial risk of inconsistent or varying adjudications.

25      12.  Plaintiff's claims are typical of the claims of all

26  class members, in that plaintiff was subject to the same

27  methodology of vacation calculation as other members of the

28  class, and suffered the same harm (inadvertent loss of accrued

6

FIRST AMENDED COMPLAINT

1   vacation time due to defendants' policies and practices).

2   Consequently, plaintiff, as a representative parties, will fairly

3   and adequately protect the interests of the class by vigorously

4   pursuing this suit through attorneys who are skilled and

5   experienced in handling civil litigation of this type.

6          13.   Proceeding with this case as a class action will

7   provide substantial benefits to both the litigants and the Court.

8   The persons in the class are so numerous, consisting of hundreds

9   of individuals, that joinder of all such persons is

10  impracticable.   Moreover, this case involves large corporate

11  employers and a large number of individual employees with many

12  relatively small claims.   If each current and former employee

13  were required to file an individual lawsuit, the corporate

14  defendants would necessarily gain an unconscionable advantage

15  since they would be enabled to pursue a "divide and conquer"

16  strategy designed to exploit and overwhelm the limited resources

17  of each individual plaintiff with its vastly superior financial

18  and legal resources.   Further, in a class action proceeding,

19  class members who are still employed by defendants can remain

20  anonymous yet have their rights vigorously pursued by plaintiff;

21  particularly as injunctive relief.   Absent the anonymity provided

22  by a class action, current employees of defendants might avoid

23  filing actions against their current employer for real and

24  justifiable fear of retaliation and permanent damage to their

25  careers with the defendants or in the industry.   Conversely,

26  Plaintiffs are not aware of any difficulty which would preclude

27  the maintenance of this litigation as a class action.

28  / / /

FAC 09-30-14.wpd

<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

14.  <u>Defendants' vacation policy</u>.  At all relevant times, defendants promulgated policies to its employees, including, without limitation in the form of a "Michaels/Aaron Brothers/ArtisTree -- Associate Handbook" (See Ex. A hereto - selected pages) and specifically as to California employees, "Michaels/Aaron Brothers/ArtisTree -- Associate Handbook -- Supplement for Michaels Store Employees (California)" (See Ex. B hereto - selected pages).

In that regard, defendants issued the following vacation policy to its California employees (See Ex. B hereto, at p. 5):

"Eligible full-time associates are granted vacation on each anniversary based on years of service. Associates are encouraged to use vacation within the 12 months after the grant of the vacation.  Associates in California accrue vacation throughout the year, per California law, and may roll over up to double the annual accrual limit at any given time. Vacation is granted as follows:"

| California Store Associates | |
| --- | --- |
| Years of Continuous Service | Vacation Accrued |
| Start of employment through 1st anniversary* | 0.154 hours/ day, up to 40 hours/year |
| Starting on 1st anniversary through 5th anniversary | 0.308 hours/day, up to 80 hours/year |
| Starting on 5th anniversary through 20th anniversary | 0.462 hours/day, up to 120 hours/year |
| Starting on 20th anniversary and thereafter | 0.615 hours/day, up to 160 hours/year |

* Although vacation accrues from the start of employment, no vacation time may be taken until after completion of the first year of employment.

FAC 09-30-14.wpd

1      15.  <u>Defendants' internal vacation accounting practices</u>.

2 Defendants internally calculated vacation time, by adding 10

3 times the applicable daily rate for each bi-weekly pay period

4 (e.g., for employees with between 5 and 20 years of service,

5 defendants credited 4.62 hours (10 x .462) each pay period).  Any

6 vacation time used was deducted.  When the total accrued vacation

7 reached the applicable "cap" (e.g., for employees with between 5

8 and 20 years of service, the cap was 240 (2 x the annual accrual

9 of 120 hours per year), **no additional time would be credited and**

10 **vacation time ceased to accrue.**  This accounting was entirely

11 <u>internal</u> -- defendants and its agents (including, without

12 limitation, Patricia Ary and Judy Waymire) did not apprise

13 employees of this calculation, of how much time vacation time had

14 been accrued according to their calculation, nor of when the

15 employee was nearing or had reached their "cap" and was no longer

16 accruing vacation time.

17      16.  <u>Defendants' inconsistent statements to employees of</u>

18 <u>accrued vacation time</u>.  Each bi-weekly pay period, defendants

19 provided its employees with a statement of accrued vacation time.

20 See Ex. C - Exemplar pay statement for plaintiff Ronald Kopstein

21 ("Kopstein"), pay period ending July 20, 2013. However, this

22 statement did <u>not</u> reflect defendants' internal accounting.

23 Instead, the accrued vacation reflected on the bi-weekly itemized

24 wage statement reflected only the amount accrued as of the

25 anniversary date, less any vacation used (i.e., as if employees

26 were "granted vacation on each anniversary " as stated in

27 defendants' policy (above), rather than on a continuous, bi-

28 weekly basis, as reflected in defendants' secret calculations).

FAC 09-30-14.wpd

These numbers were meaningless vis-a-vis defendants' internal calculations -- they were never used by defendants, and had nothing to do with, the actual accrual defendants provided to employees.  Defendants, by and through its upper level management, including, without limitation, Patricia Ary and Judy Waymire, represented to its employees, including plaintiff, that the accrual was being accurately calculated and accurately reflected on the wage statement/pay stub.  Such persons did not advise employees, including plaintiff, that defendants kept separate, internal accounting.

17.  Summary/Example (Ex. D): Ronald Kopstein Vacation Accrual 05/07/05-09/11/13. As an illustration of the foregoing, attached as Exhibit D is a spreadsheet which plaintiff is informed and believes describes plaintiff Kopstein's vacation accrual for from May 7, 2005 through September 11, 2013:

- Column A is the pay period.
- Column B reflects how much Kopstein accrued each pay period according to defendants' software (4.62 hours).[1]
- Column C reflects how much of Column B, if any, was credited to Kopstein, depending on defendants' calculation of whether Kopstein had reached his maximum accrual of 240 hours (reflected in Column H): If Column H was "full" at 240 hours (as shown, e.g., in rows 2-8, 16-24, etc.), no more accrual is credited.
- Column D is a running total of hours lost due to the secret "capping" of Column C.

---

[1]   The software actually uses 4.615 hours, rather than 4.62.

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

- Column E is a running total of credited hours (Column C) since the last pay period; used by defendants for the "annual reset" appearing on the employees' anniversary pay stub (but irrelevant/not used by defendants in their internal accrual accounting).

- Column F is vacation taken during the period, which is deducted from both defendants' internal accrual (Column H) and what is published on pay stubs (Column I).

- Column G is an annual accrual, the total of hours credited (Column D) since the last anniversary. At the employee's anniversary, this amount (rather than the full amount available, e.g. 120 hours), is added to the last amount shown on the employee's pay stub for the prior pay period. This does not impact defendants' internal accounting (Column H).

- Column H is defendants' secret internal calculation, based a running total of bi-weekly accrual credited (Column C), minus vacation taken (Column F), up to a maximum of 240 hours.

- Column I is defendants' published accrual numbers, provided in employees' pay records, reflecting the prior years accrued amount, less vacation taken (Column F); and each year replenished with the amount credited since the prior anniversary (Column G = annual sum of Column D)

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

18.  <u>Failure to apply annual accrual method</u>.  Through their communications/conduct (Exs. A-D), defendants effectively established annual accrual policy, which they willfully violated, by failing to provide full accrued benefits on a annual basis Defendant's practices resulted in not providing full annual replenishment of employees' vacation time to the maximum accrual on the employees' anniversary.  Thus, with reference to the Kopstein Summary (Ex. D), based on a yearly accrual method, Kopstein's total should have been increased by 120 hours each anniversary, up to and including 240 hours.  This was not done (see, e.g., the Annual Reset rows 14, 43, 71, 99, 127, 155, 183, 211).  For instance, as of August 23, 2008, Kopstein showed an annual accrual of 135.08 hours (Row 96, Column I).  Applying the annual accrual method, at his anniversary this should have increased to 240 hours (135.08 + 120 = 255.08 hours, reduced to 240 hours).  However, it only increased to 189.85 (Row 99, Column I).

19.  <u>Unknowing forfeiture of accrued vacation time</u>.  In the alternative to paragraph 18, to the extent defendants' vacation policy permitted continuous (rather than annual) accrual, defendants knowingly communicated false and inaccurate bi-weekly statements to employees vacation which misrepresented/understated the accrual which defendants calculated internally, causing employees to unknowingly forfeit accrued vacation time which defendants had secretly "capped."  As a result of the foregoing, employees were misled by relying on the understated amounts of the accrued vacation balance communicated to them by defendants (rather than the secret, higher balances defendants used but did

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

1  not communicate to employees), and would unknowingly forfeit/lose

2  vacation time, rather than arranging vacation time so as to avoid

3  such forfeiture.  With reference to the Kopstein Summary (Ex. D),

4  this is shown in the multiple entries in which Kopstein

5  (unbeknownst to him) was losing accrual opportunity, e.g., e.g.,

6  rows 2-8, 16-24, etc.; resulting in a loss of 256.84 hours in the

7  period from May 7, 2005 through his termination.

8                        FIRST CAUSE OF ACTION

9           Viol. of Cal. Labor Code § 227.3 (Vacation Pay)

10       By Plaintiff Individually and as Class Representative

11  Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

12       20.  Paragraphs 1-18 are incorporated.

13       21.  Annual accrual policy.  As alleged above, defendants

14  promulgated a vacation policy providing that "Eligible full-time

15  associates are granted vacation **on each anniversary** based on

16  years of service." (Ex. B at p. 5). Defendants also issued bi-

17  weekly communications to employees to advise them of their

18  accrued vacation, consistent with the "anniversary date" accrual

19  method, such that **the only augmentation of the accrual was shown**

20  **on the employee's anniversary date.** (See, e.g., Ex. C: pay stub;

21  Ex. D, Column I: accrual amounts appearing on Kopstein pay stub).

22  Defendants' words and conduct thus communicated and established a

23  vacation policy which required defendants to calculate vacation

24  accrual on an annual basis.

25       22.  Defendants' violation.  Defendants violated Cal. Labor

26  Code § 227.3 by failing to follow their stated vacation policy,

27  statements and practices, including, without limitation, by

28  failing to grant the requisite amount of vacation each

                                13

FIRST AMENDED COMPLAINT

1    anniversary, as required.  See paragraph 18, above.  The

2    foregoing resulted in the improper and illegal denial of its

3    employees' vested vacation accrual.

4         23.  Damages.  Plaintiff, on behalf of himself and other

5    class members, is/are entitled to damages including full

6    compensation for such unpaid amounts, together with any and all

7    appropriate penalties, damages injunctive relief, and other

8    relief, to the full extent permissible by law.

9                      SECOND CAUSE OF ACTION

10             Viol. of Cal. Labor Code § 203 (Waiting time)

11          By Plaintiff Individually and as Class Representative

12   Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

13        24.  Paragraphs 1-29 are incorporated.

14        25.  Failure to pay all accrued vacation upon termination.

15   As alleged above, defendants failed to timely pay all outstanding

16   accrued vacation pay to plaintiff and/or his co-workers upon

17   termination, in violation of, inter alia, Cal. Labor Code § 203,

18   and has failed to pay 30 day waiting time penalties attendant

19   thereto.

20        26.  Damages.  Plaintiff, on behalf of himself and other

21   class members, is/are entitled to damages including full

22   compensation for such unpaid amounts, together with any and all

23   appropriate penalties, damages injunctive relief, and other

24   relief, to the full extent permissible by law.

25                      THIRD CAUSE OF ACTION

26             Viol. of Cal. Labor Code § 226  (Record Keeping)

27          By Plaintiff Individually and as Class Representative

28   Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

14

FAC 09-30-14.wpd

1    27.   Paragraphs 1-17 and 19 are incorporated.

2    28.   Defendants' violation.   To the extent defendants'

3    vacation plan permitted calculation not on a  yearly accrual

4    basis, but rather continuous (bi-weekly) accrual method,

5    defendants used the itemized wage statement to communicate false

6    and misleading information to employees concerning their vacation

7    accrual.

8    29.   Accurate statement required.   Defendants are required,

9    inter alia, by Labor Code § 226, to provide accurate information

10   to employees concerning their wages, including  mandatory bi-

11   weekly itemized wage statement.

12   30.   Damages.   Plaintiff, on behalf of himself and other

13   class members, is/are entitled to damages including full

14   compensation for such unpaid amounts, together with any and all

15   appropriate penalties, damages injunctive relief, and other

16   relief, to the full extent permissible by law.

17                  FOURTH CAUSE OF ACTION

18                    Fraud and Deceit

19      By Plaintiff Individually and as Class Representative

20                    Against All Defendants

21   31.   Paragraphs 1-17 and 19 are incorporated.

22   32.   Defendants' misrepresentations. To the extent

23   defendants' vacation plan permitted calculation not on a  yearly

24   accrual basis, but rather continuous (bi-weekly) accrual method,

25   defendants made a series of knowingly false promises and

26   representations and/or omissions (fraud), at the time and in the

27   manner as set forth above, including words and conduct

28   (including, without limitation, as reflected in Exs. A - D)

FIRST AMENDED COMPLAINT
FAC 09-30-14.wpd

1  misleading employees into being ignorant that a continuous

2  accrual method was being utilized.  <u>Lazar v. Sup. Ct.</u>

3  <u>(Rykoff-Sexton, Inc.)</u>, 12 Cal. 4th 631 (1996).

4       33.  <u>Authority/Scope</u>.  Such false promises and

5  representations and/or omissions were made by and through the

6  issuance of the policies and itemized wage statements by

7  corporate human resources, including without limitation Judy

8  Waymire, and/or Patricia Ary, acting within the course and scope

9  of their authority to make such representations.

10      34.  <u>Statements/knowledge of falsity</u>.  Defendants made the

11 above statements, representations and/or omissions without belief

12 in their veracity, without intention of fulfilling their

13 promises, and/or with reckless disregard as to their truth.

14      35.  <u>Intent</u>.  Defendants made these representations or

15 omissions with the intent of inducing employees reliance,

16 including, without limitation, inducing employees to plan

17 vacation scheduling based on accrued vacation information

18 provided to them.

19      36.  <u>Reliance</u>.  Plaintiff and class members were unaware of

20 the true state of facts and/or that defendants were performing

21 secret calculations resulting in a forfeiture of vacation time.

22 Plaintiff and class members reasonably relied upon defendants'

23 misrepresentations, omissions and promises as set forth above,

24 including, without limitation, by scheduling vacation time in a

25 manner that, based on defendants clandestine calculations,

26 resulted in a forfeiture of vacation time.

27      37.  <u>Causation</u>.  As a result of defendants' conduct,

28 plaintiff and class members suffered damages as alleged

FIRST AMENDED COMPLAINT

1  including, without limitation, loss of vacation time.

2      38.  Damages.  Plaintiff, on behalf of himself and other

3  class members, is/are entitled to damages including full

4  compensation for such unpaid amounts, together with any and all

5  appropriate penalties, damages injunctive relief, and other

6  relief, to the full extent permissible by law.

7                    FIFTH CAUSE OF ACTION

8                   Negligent Misrepresentation

9        By Plaintiff Individually and as Class Representative

10                    Against All Defendants

11      39.  Paragraphs 1-17, 19, 32-34 and 36-38 are incorporated.

12      40.  Negligence.  In the alternative to paragraph 35, above,

13  such statements, misrepresentations, and/or omissions were made

14  without reasonable basis for believing them to be true and/or

15  without intention of performing.

16                    SIXTH CAUSE OF ACTION

17                   Promissory Estoppel

18       By Plaintiff Individually and as Class Representative

19  Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

20      41.  Paragraphs 1-17, 19 and 32-38 are incorporated.

21      42.  False promises.  To the extent defendants' vacation

22  plan permitted calculation not on a  yearly accrual basis, but

23  rather continuous (bi-weekly) accrual method, Defendants made

24  promises, misrepresentations and concealments intended to, and

25  which in fact did, induce plaintiff and class members to

26  reasonably rely upon same, including, without limitation by

27  inadvertently forfeiting vacation accrual.

28  / / /

                           17
                FIRST AMENDED COMPLAINT
FAC 09-30-14.wpd

1   43.  <u>Promissory Estoppel</u>.  Defendants are estopped under

2   principles of promissory estoppel and/or estoppel by conduct from

3   attempting to avoid its promises and obligations to plaintiff and

4   class members.

5   44.  <u>Damages</u>.  Plaintiff, on behalf of himself and other

6   class members, is/are entitled to damages including full

7   compensation for such unpaid amounts, together with any and all

8   appropriate penalties, damages injunctive relief, and other

9   relief, to the full extent permissible by law.

10                      SEVENTH CAUSE OF ACTION

11            Breach of Contract/Breach of Implied Covenant

12       By Plaintiff Individually and as Class Representative

13   Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

14   45.  Paragraphs 1-19 are incorporated.

15   46.  <u>Contract</u>.  Plaintiff and class members had an agreement

16   with defendants, part written (including Exs. A and B and

17   itemized wage statements such as Ex. C), part oral and/or part

18   implied-in-fact, including, among other terms, the accrual of

19   vacation as set forth above.

20   47.  <u>Implied covenant</u>.  In addition to the express and

21   implied-in-fact agreement alleged above, the employment contract

22   between plaintiff/class members and defendants included an

23   implied covenant of good faith and fair dealing requiring each

24   party to a contract to act with fairness and in good faith

25   relative to the other party, and prohibiting the parties from

26   taking any action designed to prevent the other from enjoying the

27   benefits of the contract, and to refrain from hindering or

28   impeding the other party in the performance of the contract.

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

48. <u>Breach</u>.  Defendants breached their express and implied contractual obligations by engaging in practices which deprived plaintiff and class members of vacation accrual, as set forth above, by:

(a) Failing to honor their express and/or implied obligation to utilize an annual accrual method in calculating providing and paying accrued vacation; and/or

(b) Alternatively, to the extent defendants' vacation plan permitted calculation not on a yearly accrual basis, but rather continuous (bi-weekly) accrual method, by engaging in bad faith by misleadingly providing employees with false accrual numbers so as to cause employees to unknowingly forfeit vacation time.

49. <u>Damages</u>.  Plaintiff, on behalf of himself and other class members, is/are entitled to damages including full compensation for such unpaid amounts, together with any and all appropriate penalties, damages injunctive relief, and other relief, to the full extent permissible by law.

<u>EIGHTH CAUSE OF ACTION</u>

Viol. of Cal. Bus. & Prof. Code §§ 17200, et seq.

By Plaintiff Individually and as Class Representative Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

50. Paragraphs 1-19 and 32-38 are incorporated.

51. <u>Violation of B&P § 17200</u>.  Defendants' conduct, as alleged, constitutes an unlawful, and/or deceptive business practice, in violation of Cal. Bus. and Prof. Code §§ 17200, et seq., including, without limitation, by:

(a) Failing to honor their express and/or implied

1   obligation to utilize an annual accrual method in calculating

2   providing and paying accrued vacation; and/or

3   (b) Alternatively, to the extent defendants' vacation

4   plan permitted calculation not on a yearly accrual basis, but

5   rather continuous (bi-weekly) accrual method, by engaging in bad

6   faith by misleadingly providing employees with false accrual

7   numbers so as to cause employees to unknowingly forfeit vacation

8   time.

9   52. <u>Unfair practice</u>. By engaging in the foregoing conduct,

10  defendants' procured an unfair business advantage over

11  competitors who did not dishonor their vacation accrual

12  obligations and/or engage in deceptive practices re: same.

13  53. <u>Damages</u>. Plaintiff, on behalf of himself and other

14  class members, is/are entitled to damages including full

15  compensation for such unpaid amounts, together with any and all

16  appropriate penalties, damages injunctive relief, and other

17  relief, to the full extent permissible by law.

18  <u>NINTH CAUSE OF ACTION</u>

19  Wrongful Termination Violation of Public Policy

20  By Plaintiff Individually

21  Against Defendants Michaels and Does 1-50

22  54. Paragraphs 1-53 are incorporated.

23  55. <u>Plaintiff's hiring and employment</u>. Plaintiff was hired

24  by defendants as an assistant manager in or about September,

25  1999. Plaintiff successfully worked for defendant for 14 years,

26  attaining the role of store manager

27  56. <u>Plaintiff's complaints</u>. In mid-August, 2013, plaintiff

28  raised concerns to corporate management, including, without

FIRST AMENDED COMPLAINT

1   limitation, Patricia Ary and Judy Waymire, who had been

2   responsible for communications to plaintiff regarding his accrued

3   vacation, regarding the defendant's forfeiture of employees

4   vacation time, which is illegal under California law.

5       57. _Plaintiff's termination_.  In response, just three weeks

6   later, on September 9, 2013, plaintiff was abruptly terminated,

7   on false and/or pretextual grounds.  Plaintiff's good faith

8   opposition to defendant's illegal practices was a substantial

9   motivating factor in defendant's decision to retaliate against

10  plaintiff, and terminate plaintiff's employment.

11      58. _Public policy_.  Public policy of the State of

12  California prohibits, negative job action in retaliation for good

13  faith complaints regarding, raising issues, and/or opposition to,

14  inter alia, illegal wage and hour practices, including, without

15  limitation failure to pay vacation pay, and/or false and

16  misleading vacation pay practices.

17      59. _Defendant's violation_.  Defendant's conduct in

18  terminating plaintiff on the basis of the foregoing violates said

19  public policy(ies).

20      60. _Economic damages_.  As a consequence of defendant's

21  conduct, plaintiff has suffered and will suffer harm, including,

22  without limitation, lost past and future income and employment

23  benefits; and damage to career, in a sum to be proven at trial.

24      61. _Non-Economic damages_.  As a consequence of defendant's

25  conduct, plaintiff has suffered and will suffer psychological and

26  emotional distress, including physical symptoms, in a sum to be

27  proven at trial.

28  / / /

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

62. <u>Punitive damages</u>.  Defendants are guilty of oppression, fraud or malice under California Civil Code Section 3294, so as to entitle plaintiff to an award of exemplary/punitive damages.

TENTH CAUSE OF ACTION

Viol. of Cal. Labor Code § 1102.5

By Plaintiff Individually

Against Defendants Michaels, Ary, Waymire and Does 1-100

63.  Paragraphs 1-62 are incorporated.

64.  Defendant's policies/practices and conduct in terminating and retaliating against plaintiff for opposing defendant's misconduct as alleged violates of Cal. Labor Code § 1102.5.

ELEVENTH CAUSE OF ACTION

Private Attorneys General Act (Cal. Labor Code §2998 et seq.)

By Plaintiff Individually and as Private Attorney General

Against Defendants Michaels, Aaron Bros, Artistree, and Does 1-50

65.  Paragraphs 1-64 are incorporated.

66.  In addition to the foregoing, plaintiff seeks to recover civil penalties on behalf of plaintiff and all current and former employees of defendant for any provision of the Labor Code as defined in Cal. Labor Code §§ 2699 and 2699.3, including all penalties with respect to any and all applicable Sections of the Labor Code set forth in Cal. Labor Code § 2699.5, specifically including, without limitation, Sections 98.6, 201, 202, 203, 206, 216, 226, Sections 226.3, 227, 227.3, 970, and 2699(f).

/ / /

/ / /

22

FAC 09-30-14.wpd

1    67.   <u>Exhaustion of administrative remedies</u>.   Plaintiff has

2 exhausted administrative remedies, by timely filing written

3 notice via certified mail on or about July 10, 2014, to the Labor

4 and Workforce Development Agency ("LWDA"), a true and correct

5 copy of which is filed herewith as Exhibit E.   More than 33 days

6 have elapsed since plaintiff's letter of July 10, 2014, and

7 plaintiff's counsel has received no notice from the Labor and

8 Workforce Development Agency stating its intentions to prosecute

9 plaintiff's PAGA claims.

10    68.   <u>Damages</u>.   Plaintiff, on behalf of himself and other

11 class members, is/are entitled to damages including full

12 compensation for such unpaid amounts, together with any and all

13 appropriate penalties, damages injunctive relief, and other

14 relief, to the full extent permissible by law.

15    WHEREFORE, plaintiff prays for judgment as follows,

16 individually, on behalf of the class set forth above, and as

17 Private Attorney General:

18    1.   For compensatory damages, according to proof;

19    2.   For punitive damages, according to proof;

20    3.   For all appropriate penalties or assessments, including

21        without limitation  For civil penalties as defined in

22        Cal. Labor Code § 2699(a), including all penalties with

23        respect to any and all Sections of the Labor Code set

24        forth in Cal. Labor Code § 2699.5; and, as to any

25        provisions for which a civil penalty is not

26        specifically provided, for the civil penalty(ies) set

27        forth in Cal. Labor Code § 2699(f)(2); to be

28        distributed as set forth in Cal. Labor Code § 2699(i).

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

1     3.   For prejudgment interest;

2     4.   For appropriate injunctive relief;

3     5.   For costs of suit, including attorneys fees (as

4 provided, without limitation, under Cal. Labor Code §

5 2699(g)(1));

6     6.   For such other relief the Court deems proper.

7 September 30, 2014     ROSS & MORRISON

By: */s/ Andrew D. Morrison*
Gary B. Ross
Andrew D. Morrison
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

September 30, 2014     ROSS & MORRISON

By: */s/ Andrew D. Morrison*
Gary B. Ross
Andrew D. Morrison
Attorneys for Plaintiff

24

FIRST AMENDED COMPLAINT

FAC 09-30-14.wpd

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 315 S. Beverly Drive, Suite 410, Beverly Hills, California, 90212.

On September 30, 2014, I served the foregoing document described as:

    FIRST AMENDED COMPLAINT FOR DAMAGES

on the interested parties in this action as follows:

    All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number

by the following means:

☒ **BY EMAIL:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission I caused the document( s) to be sent to the respective e-mail address(es) of the party(ies) as stated above, as a consequence of the filing of the document through the Court's CM/ECF system. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on September 30, 2014, at Beverly Hills, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


                                  /s/ Andrew D. Morrison

FAC 09-30-14.wpd